UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA BENITEZ-MUHAMMAD,

    Plaintiff,

v.                                  Case No.  8:15-cv-1537-T-24 JSS

NANCY WELLING and DAVID
WELLING, d/b/a Consumer
Collection Service,

    Defendants.
_____/

## ORDER

    This cause comes before the Court on Defendants' Motion to Dismiss.  (Doc. No. 16). As explained below, the motion is denied.

**I.  Standard of Review**

    In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff Maria Benitez-Muhammad filed a complaint asserting violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Nancy and David Welling doing business as Consumer Collection Service. (Doc. No. 1). Specifically, Plaintiff alleges the following: Plaintiff allegedly defaulted on a $17.50 medical bill. On May 5, 2015, Defendants (doing business as Consumer Collection Service) sent Plaintiff a letter stating:

> YOU ARE ADVISED THAT UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS OF ANY DISPUTE AS TO THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT; WE SHALL ASSUME IT BE VALID.

(Doc. No. 1-1). Thereafter, on June 9, 2015, Defendants sent Plaintiff another letter, stating in part:

> If we do not receive a reply to this letter within 30 days, we will advise the physician to pursue payment of this debt as a legal matter. . . . We recommend that you take advantage of this final opportunity to satisfy this debt and avoid the additional costs that you will certainly incur as a result of your defaulting.

(Doc. No. 1-1). Plaintiff contends that these letters violate the FDCPA because: (1) the May 5th letter requires Plaintiff to dispute the debt in writing; (2) the May 5th letter does not properly define the 30-day period for Plaintiff to dispute the debt; (3) the June 9th letter improperly implies the threat of immediate legal action (when legal action over a $17.50 debt is unlikely);

2

and (4) the June 9th letter misrepresents that Plaintiff "will certainly incur" additional costs if she does not satisfy the debt (despite the fact that legal action is unlikely).

### III.  Motion to Dismiss

In response to the complaint, Defendants, proceeding *pro se*, filed the instant motion to dismiss.  In the motion, Defendants argue that they did not violate the FDCPA because Plaintiff is a member of an Aetna Health Maintenance Organization, and their May 5th letter states the following:

> UNLESS YOU ARE A MEMBER OF A HEALTH MAINTENANCE ORGANIZATION, YOUR ACCEPTANCE OF MEDICAL SERVICES CREATED A PERSONAL FINANCIAL OBLIGATION FOR WHICH YOU ALONE ARE RESPONSIBLE.

(Doc. No. 1-1).  Defendants argue that because Plaintiff did not inform them of her HMO status, they lacked such knowledge when they sent the collection letters.  Defendants appear to argue that it was Plaintiff's fault that they attempted to collect her debt because she failed to respond to their letters and point out her HMO status, and therefore, her complaint should be dismissed. This argument has no merit, and Defendants fail to cite any authority to support it.

Even if Plaintiff had responded to the May 5th letter stating that she was a member of an HMO, that would not have eliminated the alleged FDCPA violations contained within the May 5th letter.  Furthermore, Defendants fail to cite case law showing that it is Plaintiff's burden to provide such information before Defendants could be liable for the alleged FDCPA violations in the June 9th letter.

Finally, Defendants fail to address the alleged violations head on.  Instead, Plaintiff provides case law supporting her contention that the two letters violated the FDCPA, as explained below.

First, the May 5th letter requires Plaintiff to dispute the debt *in writing*, and courts have found collection letters containing a writing requirement for disputes to be a violation of the FDCPA. See Baez v. Wagner & Hunt, P.A., 442 F. Supp.2d 1273, 1276-77 (S.D. Fla. 2006); Guerrero v. Absolute Collection Service, Inc., 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011); In re Turner, 436 B.R. 153, 157 (M.D. Ala. 2010).

Second, the May 5th letter does not define the starting point for the 30-day period for Plaintiff to dispute the debt as being the date that Plaintiff received the letter, and courts have found this to violate the FDCPA. See In re Turner, 436 B.R. at 158; Rivera v. Amalgamated Debt Collection Services, Inc., 462 F. Supp.2d 1223, 1228-29 (S.D. Fla. 2006).

Third, the June 9th letter implies the threat of immediate legal action, despite the fact that legal action over a $17.50 debt is unlikely. The FDCPA specifically prohibits a debt collector from threatening to take any action that is not intended to be taken. 15 U.S.C. § 1692e(5).

Fourth, the June 9th letter misrepresents that Plaintiff "will certainly incur" additional costs if she does not satisfy the debt, despite the fact that legal action is unlikely. The FDCPA specifically prohibits debt collectors from using any misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 16) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of September, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record and Pro Se Defendants